1
2
3

Thomas Lether, WSBA #18089
1848 Westlake Ave N., STE 100
Seattle, WA 98109
P: 206-467-5444 F: 206-467-5544
tlether@letherlaw.com

4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13

THE CHARTER OAK FIRE INSURANCE
COMPANY, a foreign insurance company;
THE TRAVELERS INDEMNITY
COMPANY, a foreign insurance company;
and TRAVELERS PROPERTY
CASUALTY COMPANY OF AMERICA, a
foreign insurance company

No. 3:21-cv-5752

**COMPLAINT FOR DECLARATORY RELIEF**

14

Plaintiffs,

15

v.

16
17
18

SOUTH BAY EXCAVATING, INC., a
Washington corporation; WAVEDIVISION
HOLDINGS, LLC a foreign limited liability
company, and O'CALLAGHAN CABLE
SERVICES, INC., an Oregon corporation

19

Defendants.

20
21
22
23

COMES NOW, Plaintiffs The Charter Oak Fire Insurance Company ("Charter"), The Travelers Indemnity Company ("TIC") and Travelers Property Casualty Company of America ("TPCCA") (hereinafter collectively referred to as "Travelers") submit the following Complaint for Declaratory Relief against Defendants South Bay Excavating, Inc., Wavedivision Holdings,

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

LLC and O'Callaghan Cable Services, Inc.

## I.     PARTIES

1. Plaintiff Charter is a foreign insurance company licensed to conduct business in the State of Washington.  Charter is incorporated in the State of Connecticut with its principal place of business located in the State of Connecticut.

2. Plaintiff TIC is a foreign insurance company licensed to conduct business in the State of Washington. TIC is incorporated in the State of Connecticut with its principal place of business located in the State of Connecticut.

3. Plaintiff TPCCA is a foreign insurance company licensed to conduct business in the State of Washington.  TPCCA is incorporated in the State of Connecticut with its principal place of business located in the State of Connecticut.

4. South Bay Excavating, Inc. (hereinafter "South Bay") is a corporation incorporated in the State of Washington, doing business in the State of Washington, with its principal place of business located in the State of Washington.

5. Wavedivision Holdings, LLC (hereinafter "Wave") is a foreign limited liability company organized under the laws of Washington, doing business in the State of Washington, with its principal place of business located in the State of Washington.

6. O'Callaghan Cable Services, Inc. (hereinafter "O'Callaghan") is a foreign corporation with a registered agent in Washington, doing business in the State of Washington.

## II.     JURISDICTION AND VENUE

7. Travelers incorporates by reference the allegations contained in paragraphs 1-6 as fully set forth herein.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

9. For the purposes of diversity, Charter is a citizen of the State of Connecticut as it is incorporated in the State of Connecticut and has its principal place of business in the State of Connecticut.

10. For the purposes of diversity, TIC is a citizen of the State of Connecticut as it is incorporated in the State of Connecticut and has its principal place of business in the State of Connecticut.

11. For the purposes of diversity, TPCCA is a citizen of the State of Connecticut as it is incorporated in the State of Connecticut and has its principal place of business in the State of Connecticut.

12. South Bay is a citizen of the State of Washington.

13. Wave is a foreign limited liability company organized under the laws of Washington.

14. O'Callaghan is a foreign corporation with its principal place of business in Virginia.

15. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  South Bay has its principal place of business in Thurston County.

### III.     FACTS

#### A.  **Background**

17. Travelers incorporates by reference the allegations contained in paragraphs 1-16 as fully set forth herein.

18. Wave entered into a contract with South Bay on April 6, 2015 for purposes of placing aerial fiber optic lines on Highway 30 between Astoria and Clatskanie, OR.

19. Based upon information and belief, South Bay subcontracted its duties under the contract to O'Callaghan on November 3, 2015. O'Callaghan performed the work stringing the aerial fiber optic cables.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

20. Prior to the installation of the aerial fiber optic cables, Wave tested all reels of fiber optic cable that were to be installed. Each reel passed the initial test. The fiber optic cables/reels are owned by Wave.

21. Allegedly, from April 16, 2016 through July 29, 2016, O'Callaghan installed 200,000 feet, or 10 reels, of fiber optic cables.

22. O'Callaghan allegedly installed the 10 reels on the following dates:

| Clatskanie Fiber Placement | |
|---|---|
| Reel Number | Week Ending Date |
| 1 | 5/14/2016 |
| 2 | 5/14/2016 |
| 3 | 5/14/2016 |
| 4 | 7/23/2016 |
| 5 | 7/2/2016 |
| 6 | 4/16/2016 |
| 7 | 4/25/2016 |
| 8 | 7/2/2016 |
| 9 | 5/7/2016 |
| 10 | 6/11/2016 |

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

23. Allegedly, during the installation, O'Callaghan damaged about 100,000 feet, or 5 reels, of the fiber optic cable valued at $250,000.

24. Based upon information and belief, South Bay was notified on August 2, 2016 of the alleged catastrophic failure of the fiber optic cable.

**B.  Underlying Lawsuit**

25. On or about February 3, 2020, Wave sued South Bay and O'Callaghan in the Circuit Court of the State of Oregon for the County of Multnomah No. 20CV06014 (the "Underlying Lawsuit").

26. The lawsuit filed by Wave alleges breach of contract, breach of implied covenant of good faith and fair dealing against South Bay, as well as trespass to chattels and breach of contract against O'Callaghan.

27. Wave filed an amended complaint wherein they alleged, in addition to the claims in paragraph 26 above, a claim of negligence against South Bay and O'Callaghan.

**IV.    POLICIES OF INSURANCE**

**A.  Identification of the Primary Commercial General Liability Policies**

28. Charter issued a primary policy of insurance to South Bay, policy No. DT-CO-1H682275-COF-16, with a policy period of July 1, 2016 to July 1, 2017 (hereinafter the "2016 Primary Policy").

29. TIC issued an additional primary policy of insurance to South Bay, policy No. DT-CO-1H682275-IND-17 with a policy period of July 1, 2017 to July 1, 2018 (hereinafter the "2017 Primary Policy").

30. The 2017 Primary Policy contains insuring agreements and exclusionary provisions which are the same or substantively similar to provisions contained in the 2016 Primary Policy.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

31. The 2016 Primary Policy and the 2017 Primary Policy (collectively the "Travelers Primary Policies") provides liability coverage with limits up to $1,000,000 each occurrence, $2,000,000 for general aggregate limit, $1,000,000 for personal and advertising injury, and a $2,000,000 products-completed operations aggregate limit.

**B.  Identification of the Commercial Excess Liability Policy**

32.  TPCCA issued an excess liability policy of insurance to South Bay, policy No. DTSM-CUP-1H682275-TIL-16 with a policy period of July 1, 2016 through July 1, 2017 (hereinafter "the TPCCA Excess Policy").

33. The TPCCA Excess Policy contains insuring agreements and exclusionary provisions which are the same or substantively similar to provisions contained in the Travelers Primary Policies.

34.  The TPCCA Excess Policy provides liability coverage with limits up to $5,000,000 products/completed operations aggregate, $5,000,000 for general aggregate limit, $5000,000 for personal and advertising injury, and $5,000,000 for bodily injury and property damage liability.

**C.  Provisions of the Primary Commercial General Liability Policies**

35. The Travelers Primary Policies contains the following relevant language relating to the insuring agreement:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
. . .
**Section I – Coverages**

   **1.  Business Liability**

      **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of section **II** – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

"employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

CG 00 01 10 01

36. The Travelers Primary Policies contain the following definitions:

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions

...

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

CG 00 01 10 01

37. The Travelers Primary Policies also contain the following exclusions:

**B. Exclusions**

1. Applicable to Business Liability Coverage

This insurance does not apply to:

COMPLAINT FOR DECLARATORY RELIEF– 8

**a.    Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured […]

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**    That the insured would have in the absence of the contract or agreement; or

**(2)**    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)**    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)**    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

…

**j.    Damage to Property**

"Property damage" to:

…

**(4)**    Personal property in the care, custody or control of the insured;

**(5)**    That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)**    That particular part of any property that must be restored repaired or replaced because "your work" was incorrectly performed on it.

…

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

COMPLAINT FOR DECLARATORY RELIEF– 9

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.     Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

. . .

**l.     Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.     Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.     Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of:

**(1)**     "Your product";

**(2)**     "Your work"; or

**(3)**     "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

CG 00 01 10 01

38. The Travelers Primary Policies contain the following definitions:

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

    a.    the repair, replacement, adjustment or removal of "your product" or "your work"; or

    b.    your fulfilling the terms of the contract or agreement.

**9.** "Insured contract" means:

    **a.**    A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

    **b.**    A sidetrack agreement;

    **c.**    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

    **d.**    An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    **e.**    An elevator maintenance agreement;

    **f.**    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

COMPLAINT FOR DECLARATORY RELIEF– 11

Paragraph f. does not include that part of any contract or agreement:

    **(1)**    That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

    **(2)**    That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

        **(a)**    Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

        **(b)**    Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

    **(3)**    Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

...

**13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions

...

**16.** "Products-completed operations hazard":

    **a.**   Includes all "bodily injury" and "property damage" occurring away from premises you own or rent an arising out of "your product" or "your work" except:

        **(1)** Products that are still in your physical possession; or

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

**(2)** Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

**b.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials;

...

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

    **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

...

**21.** "Your product" means:

  **a.**  Means:

    **(1)**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(a)**    You;

        **(b)**    Others trading under your name; or

        **(c)**    A person or organization whose business or assets you have acquired; and

    **(2)**    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

  **b.**  Includes:

    **(1)**    Warranties or representations made at any time with  respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)**    The providing of or failure to provide warnings or instructions.

  **c.**  Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

  **a.** Means:

    **(1)**    Work or operations performed by you or on your behalf; and

    **(2)**    Materials, parts, or equipment furnished in connection with such work or operations.

  **b.**  Includes

> **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
>
> **(2)** The providing of or failure to provide warnings or instructions.

CG 00 01 10 01

39. The Travelers Primary Policies also contain the following Limits of Insurance Section:

> **SECTION III – LIMITS OF INSURANCE**
>
> **1.** The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:
>    **a.** Insureds
>    **b.** Claims made or "suits" brought; or
>    **c.** Persons or organizations making claims or bringing "suits".
> **2.** The General Aggregate Limits is the most we will pay for the sum of :
>    **a.** Medical expenses under Coverage **C**;
>    **b.** Damages under Coverage **A**, except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and
>    **c.** Damages under Coverage **B**
> **3.** The Products-Completed Operations Aggregate Limit is the most we will pay under Coverage **A** for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard".
> […]
> **5.** Subject to **2.** or **3.** above, whichever applied, the Each Occurrence Limit is the most we will pay for the sum of:
>
>    **a.** Damages under Coverage **A**; and
>    **b.** Medical expenses under Coverage **C**
>
> because of all "bodily injury" and "property damage" arising out of any one "occurrence".
>
> Non Cumulation of Each OCCURRENCE LIMIT – If one "occurrence" causes "bodily injury" and/or "property damage" during the policy period and during the policy period of one or more prior and/or future policies that include a commercial general liability coverage part for the insured issued by us or any affiliated insurance company, the amount we will pay is limited. This Policy's Each Occurrence Limit will be reduced by the amount of each payment made by us and any affiliated insurance company under the policies because of such "occurrence".

COMPLAINT FOR DECLARATORY RELIEF– 15

CG 00 01 10 01 as amended by CG D2 03 12 97

40. The Travelers Primary Policies also contains the following Commercial General Liability

Conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

[…]

**4. Other Insurance**
[…]

    **c.**    **Excess Insurance**

This insurance is excess over:

**(1)** Any of the other insurance, whether primary, excess, contingent or on any other basis:
    **(a)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

[…]

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.
When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is added as an additional insured under any other policy, including any umbrella or excess policy.

COMPLAINT FOR DECLARATORY RELIEF– 16

CG 00 01 10 01 as amended by CG D4 20 07 08

41. The Travelers Primary Policies also contain the following Defense Costs endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**WASHINGTON CHANGES – DEFENSE COSTS**

This endorsement modifies insurance provided under the following:

[…]
COMMERCIAL GENERAL LIABILITY COVERAGE PART
[…]

**A.** The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:
  **1.** Section I of the Commercial General Liability, Commercial Liability Umbrella[…]
  Paragraph **B.** also applies to any other provision in the policy that sets forth a duty to defend.

**B.** If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or payment of the defense costs and to seek reimbursement for defense costs.

IL 01 23 11 13

**D.  Provisions of the Commercial Excess Liability Policy**

42. The TPCCA Excess Policy contains the following commercial excess insuring agreement:

**COMMERCIAL EXCESS LIABILITY (UMBRELLA) INSURANCE**

[…]

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY; and COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY.**

1. **INSURING AGREEMENT.**

   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit" which the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies.

   This insurance applies to "bodily injury" or "property damage" only if:

   **(i)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place anywhere in the world;

   **(ii)** The "bodily injury" or "property damage" occurs during the policy period;

   **(iii)** Prior to the policy period, no insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** and no employee authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized employee knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   This insurance applies to "personal injury" or "advertising injury" caused by an "offense" committed during the policy period, anywhere in the world.
   […]

   a. "Property damage" that is loss of use of tangible property that is not physically injured shall be deemed to occur at the time of the "occurrence" that caused it.

COMPLAINT FOR DECLARATORY RELIEF– 18

**b.** The amount we will pay for damages is limited as described in **SECTION III – LIMITS OF INSURANCE.**

The following provisions apply only with respect to Parts **1.a.(i), (ii)** and **(iii)** above:

**1.** "Bodily injury" or "property damage which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of **Section II – Who Is An Insured** or any employee authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**2.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of **SECTION II – WHO IS AN INSURED** or any employee authorized by you to give or receive notice of an "occurrence" or claim:

    **(a)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(b)** Receives a written or verbal demand or claim for damages because of "bodily injury" or "property damage"; or

    **(c)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**2. DEFENSE OF CLAIMS OR SUITS.**

**a.** We will have no duty to defend any claim or "suit" that any other insurer has a duty to defend. If we elect to join in the defense of such claims or "suits", we will pay all expenses we incur.

**b.** We will have the right and duty to defend any "suit" for damages which are payable under Coverages **A** or **B** (including damages wholly or partly within the "retained limit") but which are not payable by a policy of "underlying insurance", or any other available insurance, because:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

**(1)**   Such damages are not covered; or

**(2)**   The "underlying insurance" has been exhausted by the payment of claims.

**c.**   We may investigate and settle any claim or "suit" in **b.** above at our discretion.

**d.**   Our right and duty in **b.** above end when we have used up the "applicable limit of insurance" in the payment of judgments or settlements.

**e.**   We will pay, with respect to any claim or "suit" we defend in **b.** above:

**(1)**   All expenses we incur,

**(2)**   The cost of appeal bonds and bonds to release attachments, but only     for bond amounts within the "applicable limit of insurance". We do not have to furnish these bonds.

**(3)**   All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

**(4)**   All costs taxed against the insured in the "suit",

**(5)**   All interest on the full amount of any judgment that accrues after entry of the judgment and before we have:

  **(a)**   paid, or offered to pay; or

  **(b)**   deposited in court;

  The part of the judgement that is within the "applicable limit of insurance".

**(6)**   Prejudgment interest awarded against the insured on the part of the judgment we pay. If we make an offer to pay the "applicable limit of insurance", we will not pay any prejudgment interest based on that period of time after the offer.

These payments will not reduce the limits of insurance.

COMPLAINT FOR DECLARATORY RELIEF– 20

UM 00 01 11 03

43. The TPCCA Excess Policy contain the following definitions pertinent to the insuring agreement:

    **8.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions

    ...

    **13.**    "Property damage" means:

        **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

        **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    ...

    **15.**    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

        **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

        **b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

    **16.**    "Ultimate net loss" means the sum actually paid or payable due to a claim for which the insured is liable either by a settlement to which we agreed of a final judgment. Such sum will include proper adjustments for recoveries and salvage

    **17.**    "Underlying insurance" means the policies listed in the Schedule of Underlying Insurance and includes:

    **a.** Any renewal or replacement of such policies; and

    **b.** Any other insurance available to the insured.

UM 00 01 11 03

44. The TPCCA Excess Policy contains the following exclusions:

    **3. Exclusions**

    This insurance does not apply to:

COMPLAINT FOR DECLARATORY RELIEF– 21

a.    **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured […]

b.    **Contractual Liability**

"Bodily injury", "property damage", "personal injury" or "advertising injury" for which the insured assumed liability under a contract or agreement. This exclusion does not apply to "bodily injury", "property damage", "personal injury", or "advertising injury" to which any policy of "underlying insurance" listed in the SCHEDULE OF UNDERLYING INSURANCE of the DECLARATIONS of this insurance, or any renewal or replacement thereof, applies or would apply but for the exhaustion of its limits of liability. Coverage provided will follow the same provisions, terms, definitions, exclusions, limitations and conditions of the policy(ies) of "underlying insurance" listed in the SCHEDULE OF UNDERLYING INSURANCE of the DECLARATIONS of this insurance.

…

i.    **Damage to Property**

"Property damage" to:

…

(4)    Personal property in the care, custody or control of the insured;

(5)    That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored repaired or replaced because "your work" was incorrectly performed on it.

…

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

j.    **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

• • •

COMPLAINT FOR DECLARATORY RELIEF– 22

**k.**     **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**l.**     **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**m.**     **Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of:

**(1)**     "Your product";

**(2)**     "Your work"; or

**(3)**     "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it.

UM 00 00 11 03

45. The TPCCA Excess Policy contain the following definitions pertinent to the above

referenced exclusions:

**7.**     "Impaired property" means tangible property, other than

"your product" or "your work", that cannot be used or is less useful because:

    **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**    You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work"; or your fulfilling the terms of the contract or agreement.

...

**8.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions

...

**16. a.** "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent an arising out of "your product" or "your work" except:

    **(1)** Products that are still in your physical possession; or

    **(2)** Work that has not yet been completed or abandoned.

    **b.**  "Your work" will be deemed completed at the earliest of the following times:

        **(1)** When all of the work called for in your contract has been completed.

        **(2)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

        **(3)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

    **c.**  "Products-completed operations hazard" does not include "bodily injury" or "property damage" arising out of:

        **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the loading or unloading of that vehicle by any insured;

        **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials;

**13.** "Property damage" means:

    **a.**  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

...

**15.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.**  An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.**  Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

...

**19.** "Your product" means:

    **a.**  Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)** You;

            **(b)** Others trading under your name; or

            **(c)** A person or organization whose business or assets you have acquired; and

        **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

    **b**. Includes:

        **(1)**   Warranties or representations made at any time with  respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)**   The providing of or failure to provide warnings or instructions.

    **c**.  Does not include vending machines or other property rented to or located for the use of others but not sold.

  **20.** "Your work":

    **a**. Means:

        **(1)**   Work or operations performed by you or on your behalf; and

        **(2)**   Materials, parts, or equipment furnished in connection with such work or operations.

    **d**.  Includes

        **(2)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)**   The providing of or failure to provide warnings or instructions.

UM 00 01 11 03

46. The TPCCA Excess Policy contains the following Other Insurance Endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**AMENDMENT – OTHER INSURANCE CONDITION AND MEANING OF OTHER INSURANCE AND OTHER INSURER**

This endorsement modifies insurance provided under the following:

COMMERCIAL EXCESS LIABILITY (UMBRELLA) INSURANCE

The following replaces Paragraph **10., OTHER INSURANCE.**, of **SECTION IV – CONDITIONS**

**10. OTHER INSURANCE**

This insurance is excess over any valid and collectible other insurance whether such other insurance is stated to be primary, contributing, excess, contingent or otherwise. This provision does not apply to a policy brought specifically to apply excess of this insurance.

As used anywhere in this policy, other insurance means insurance, or the funding of losses, that is provided by, through or on behalf of:

**(i)**   Another insurance company
**(ii)**   Us or any of our affiliated insurance companies, except when the Non cumulation of Each Occurrence Limit Provision of Paragraph **5.** Of **SECTION III – LIMITS OF INSURANCE** or the Non cumulation of Personal and Advertising Injury Limit provision of Paragraph **4.** of **SECTION III – LIMITS OF INSURANCE** applies;
**(iii)**   Any risk retention group
**(iv)**   Any self-insurance method or program, including any failure to buy insurance, or decision to not buy insurance, for any reason, in which case the insured will be deemed to be the provider of other insurance; or
**(v)**   Any similar rick transfer or risk management method

As used anywhere in this policy, other insurer means a provider of other insurance

UM 04 79 07 08

47. The TPCCA Excess Policy contains the following endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**WASHINGTON MANDATORY ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL EXCESS LIABILITY (UMBRELLA) INSURANCE

**PROVISIONS**

**1.**   The following is added to Paragraph **2., DEFENSE OF CLAIMS OR SUITS.**, of **SECTION I – COVERAGES – COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY; and COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY.:**

If we initially defend an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

reimbursement from the insured for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify the insured in writing that there may not be coverage and that we are reserving our rights to terminate the defense or payment of defense costs and to seek reimbursement from the insured for defense costs.

…

UM 00 98 12 13

## V.   THERE IS ACTUAL AND JUSTICIABLE CONTROVERSY AS TO TRAVELERS' COVERAGE OBLIGATIONS UNDER THE TRAVELERS PRIMARY POLICIES

48.   Travelers reasserts paragraphs 1 - 47 as fully set forth herein.

49. There is no coverage available to South Bay for the claims asserted in the Underlying Lawsuit under the Travelers Primary Policies.

50. The rights and obligations of Travelers are defined by the terms and conditions of the policies of insurance issued by Travelers to South Bay.

51. Travelers requests that the Court grant declaratory relief by entering a judicial determination that Travelers has no obligation to provide full indemnity coverage to South Bay in connection with the Travelers Primary Policies.

52. Travelers requests that the Court grant declaratory relief by entering a judicial determination that Travelers has no obligation to defend South Bay in connection with the Underlying Lawsuit under the Travelers Primary Policies.

53. The Travelers Primary Policies of insurance provides coverage to "property damage" that is caused by an "occurrence" as those terms are defined, provided that any such "property damage" occurs during the policy period and the insured did not know, in whole or in part, about the alleged "property damage" prior to the inception of the policy period.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

54. There is an actual and justiciable controversy as to whether the claims against South Bay involve claims for "property damage", as that term is defined.

55. There is an actual and justiciable controversy as to whether the claims against South Bay involve an "occurrence", as that term is defined.

56. There is an actual and justiciable controversy as to whether the claims against South Bay involve "property damage" that occurred during the policy period.

57. There is an actual and justiciable controversy as to whether South Bay had knowledge, in whole or in part, of any of the alleged "property damage" prior to the inception of the policy period.

58. The Travelers Primary Policies does not provide coverage for property damage that is expected or intended from the standpoint of the insured.

59. There is an actual and justiciable dispute as to whether there was property damage that was expected or intended by South Bay.

60.  The Travelers Primary Policies do not provide coverage for property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

61. There is an actual and justiciable dispute as to whether South Bay is obligated to pay for any alleged property damage due to an assumption of liability through a contract or agreement.

62. The Travelers Primary Policies excludes coverage for "property damage" to that personal property in the care, custody or control of the insured

63. There exists and actual and justiciable dispute as to whether the "property damage" occurred while the fiber optic cables were in South Bay's care, custody or control.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

64. The Travelers Primary Policies excludes coverage for "property damage" to that particular part of real property on which South Bay or any subcontractors working on South Bay's behalf, if the "property damage" arises out of those operations.

65. There exists an actual and justiciable dispute as to whether the "property damage" was caused by South Bay's subcontractor, O'Callaghan, during the installation of the fiber optic cables.

66. The Travelers Primary Policies exclude property damage to that particular part of the property that must be restored or repaired because South Bay's work was defectively performed on it.

67. There is an actual and justiciable dispute as to whether the property damage arises out of South Bay's defective work.

68. The Travelers Primary Policies does not provide coverage for damage to property that must be restored, repaired, or replaced because the work of the insured was incorrectly performed.

69. There is an actual and justiciable dispute as to whether South Bay's work was incorrectly performed and caused property to be restored, repaired, or replaced.

70. The Travelers Primary Policies exclude coverage for property damage to South Bay's product, arising out of it or any part of it.

71. There is an actual and justiciable dispute as to whether the property damage to South Bay's product arising out of it or any part of it.

72. The Travelers Primary Policies excludes coverage for property damage to South Bay's work and included in the products-completed operations hazard as that term is defined.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

73. There is an actual and justiciable dispute as to whether there is property damage to South Bay's work arising out of any part of it and included in the products-completed operations hazard.

74. The Travelers Primary Policies exclude coverage for property damage to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in South Bay's product, South Bay's work, or a delay or failure by South Bay or anyone acting on its behalf to perform a contract in accordance with its terms.

75. There exists an actual and justiciable dispute as to whether the property damage occurred to impaired property, or property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in South Bay's product, or a delay or failure by South Bay to perform its work under the contract in accordance with its terms.

76. The Travelers Primary Policies excludes coverage for damages for any loss, cost or expense incurred by others for the loss of use, recall, inspection, repair, replacement, adjustment, removal or disposal of South Bay's product, South Bay's work, or impaired property, as those terms are defined, if such product, work, or property is withdrawn from use by any person or organization because of a known or suspected defect, deficiency, inadequacy, or dangerous condition in it.

77. There exists an actual and justiciable dispute as to whether the alleged property damage includes damages for any loss, cost or expense incurred for the loss of use, recall, inspection, repair, replacement, adjustment, removal or disposal of South Bay's product, South Bay's work, or impaired property.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

78. The Travelers Primary Policies provides that if one "occurrence" causes "bodily injury" and/or "property damage" during the policy period and during the policy period of one or more prior and/or future policies, Each Occurrence Limit will be reduced by the amount of each payment made by Travelers under the other policies because of such "occurrence".

79. There exists and actual and justiciable controversy as to whether one "occurrence" caused "property damage" during both the Travelers Primary Policies policy periods.

80. The Travelers Primary Policies provides that the Travelers Primary Policies are excess over any of the other insurance that is Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work".

81. There is actual and justiciable controversy as to whether the Travelers Primary Policies are excess over any other South Bay policies of insurance.

82. The Travelers Primary Policies provides that if Travelers initially defends an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, Travelers has the right to reimbursement for the defense costs we have incurred.

83. There exists an actual and justiciable dispute as to whether the claims for which Travelers is defending or paying for South Bay's defense is covered under this insurance. As a result, there is an actual and justiciable dispute as to whether Travelers has the right to reimbursement for the defenses costs incurred.

84. In addition to the provisions cited above, Travelers pleads all other conditions, terms, provisions, limitations, definitions, and exclusions of the Travelers Primary Policies, which also may be found to be applicable to Traveler's investigation and defense of these claims,

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

and Travelers reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## VI.   THERE IS ACTUAL AND JUSTICIABLE CONTROVERSY AS TO TRAVELERS' COVERAGE OBLIGATIONS UNDER THE TPCCA EXCESS POLICY

85. Travelers reasserts paragraphs 1 – 84 and incorporates the same as though fully stated herein.

86. There is no coverage available to South Bay for the claims asserted in the Underlying Lawsuit under the TPCCA Excess Policy.

87. The rights and obligations of TPCCA are defined by the terms and conditions of the policies of insurance issued by TPCCA to South Bay.

88. Travelers requests that the Court grant declaratory relief by entering a judicial determination that TPCCA has no obligation to provide full indemnity coverage to South Bay in connection with the subject project under the TPCCA Excess Policy.

89. Travelers requests that the Court grant declaratory relief by entering a judicial determination that TPCCA has no obligation to defend South Bay in connection with the Underlying Lawsuit under the TPCCA Excess Policy.

90. The TPCCA Excess Policy contains insuring agreements and exclusionary provisions which are the same or substantively similar to provisions contained in the Travelers Primary Policies. There are actual and justiciable controversies with regard to the application of those provisions to the claims asserted in the Underling Lawsuit for the reasons set forth in Section V.

91. The TPCCA Excess Policy only provides coverage, if at all, for liability in excess of any other collective insurance available to an insured.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

92.  There is an actual and justiciable controversy as to whether any covered liability exceeds other collectible insurance available to South Bay.

93. In addition to the provisions cited above, TPCCA pleads all other conditions, terms, provisions, limitations, definitions, and exclusions of the TPCCA Excess Policy, which also may be found to be applicable to Traveler's investigation and defense of these claims, and TPCCA reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## VII.   REQUEST FOR DECLARATORY RELIEF

94.  Travelers reasserts paragraphs 1 – 93 as fully set forth herein.

95.  Actual and justiciable controversies exist as to whether any coverage is available to South Bay under the Travelers Primary Policies and TPCCA Excess Policy for the claims asserted by Wave in the Underlying Lawsuit.

96. Travelers requests that the Court grant declaratory relief entering a judicial determination that Travelers has no obligation to provide a defense or any indemnity for the claims arising from the Underlying Lawsuit.

## VIII.   PRAYER FOR RELIEF

Wherefore Travelers prays for the following relief:

1.  A declaration that there is no defense or indemnity coverage available to South Bay under the policies of insurance issued by Travelers for the claims asserted by Wave in the Underlying Lawsuit.

2.  For fees and costs pursuant to the Washington Changes – Defense Costs Endorsement.

3.  For all interest allowed by law.

4.  For attorneys' fees and costs allowed by statute and law.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

5.  For any other relief as the Court sees as just and equitable.

DATED this 11th day of October 2021.

LETHER LAW GROUP

*/s/ Thomas Lether*
Thomas Lether, WSBA #18089
1808 Westlake Avenue N., Suite 100
Seattle, WA 98109
206.467.5444
tlether@letherlaw.com
*Attorney for Plaintiffs*

COMPLAINT FOR DECLARATORY RELIEF– 35